# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NATASHA RIVERS,**<br>3695 East 105th Street<br>Cleveland, OH 44105, | )<br>)<br>) |
| Plaintiff, | ) |
| -vs- | ) **C O M P L A I N T** |
| | ) Trial by Jury Endorsed Hereon |
| **CLEVELAND METROPOLITAN SCHOOL DISTRICT**,<br>1111 Superior Ave. East<br>Cleveland, OH 44114 | )<br>)<br>)<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

1. This is an action instituted under the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as amended (2018 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*, (2018 Supp.) to vindicate state and federally protected rights against unlawful governmental employment practices.

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-6(f) (0018 Supp.) (hereinafter referred to as "Title VII"), jurisdiction with respect to constitutional claims under 28 U.S.C. §§ 1331(a), 1337 and 1343(3) and (4) and supplemental jurisdiction over asserted state law claims pursuant to 28 U.S.C. § 1367.

3. With respect to the claim of discrimination and retaliation, jurisdiction arises pursuant to receipt of a Notice of Right to Sue issued on October 25, 2018. The notice accompanies this complaint and is incorporated by reference as Exhibit A.

4. With respect to the Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*, jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

5. Venue in this Court is proper because the unlawful employment practices alleged were and continue to be committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

6. Plaintiff NATASHA RIVERS ("Rivers") was employed by Defendant Cleveland Metropolitan School District, and has sought to perform her duties free from restrictions on account of sex and from retaliation for engaging in a protected activity.

7. Defendant CLEVELAND METROPOLITAN SCHOOL DISTRICT (hereinafter, "CMSD") is an employer as defined by Title VII and by the Ohio Civil Rights Act and at all relevant times was the employer of the plaintiff.

## **STATEMENT OF THE FACTS**

8. Plaintiff Natasha Rivers reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

9. Natasha Rivers was hired by CMSD as a police officer within their Mobile Patrol Unit in March, 2009.

10. In August, 2016, Ms. Rivers began being sexually harassed by a co-worker and superior, Cardell Parker, at CMSD.

11. Mr. Parker was an executive official and high-level manager of CMSD.

12. Parker, among other instances of harassment, would stalk Ms. Rivers, make inappropriate comments to her face, make inappropriate comments on her social media pages and continue to have contact with Rivers even after she asked him to stop.

13. In September, 2016, Ms. Rivers reported the harassment to one of her superiors, Sergeant Jacodimus Lee.

14. Lee took informal steps to discuss the matter with Ms. Rivers and Parker, but took no further action.

15. On October 27, 2016, Ms. Rivers filed a formal sexual harassment complaint with CMSD.

16. From October 27, 2016 through February 15, 2017, Ms. Rivers heard nothing from her employer regarding her complaint and the harassment by Parker continued.

17. On February 15, 2017, Ms. Rivers sent an email to her superior asking for help to stop the harassment as her complaint filed with CMSD in October 2016 did not result in stopping Parker.

18. After Ms. Rivers followed up with an email roughly four (4) months after she filed her complaint, CMSD decided it would investigate Rivers' claims.

19. On March 3, 2017, Ms. Rivers filed her first EEOC charge alleging discrimination in basis of sex.

20. On April 10, 2017, roughly six (6) months after Ms. Rivers filed her formal complaint to CMSD about Parker, CMSD placed Parker on administrative leave and ordered Parker not to have any contact with Rivers.

21. Parker violated the order on numerous occasions and continued to harass Rivers.

22. On May 22, 2017, CMSD concluded its investigation and found that it was unable to substantiate Ms. Rivers' claims that she had been sexually harassed.

23. After the decision was issued and after CMSD returned Parker to the workplace, CMSD required that Ms. Rivers continue working alongside Parker.

24. In July 2017, Ms. Rivers reported to her superiors that Parker had made inappropriate contact with her in the parking garage and had continuously been violating the no-contact order issued by CMSD in April, 2017.

25. After failing to receive adequate protection from her employer and beginning to see her health deteriorate over the issue, Ms. Rivers was forced to see and receive assistance from a medical professional.

26. Upon seeing her doctor, Ms. Rivers was placed on FMLA (Family Medical Leave Act) leave.

27. On August 4, 2017, CMSD issued a letter to Parker restating his obligations to comply with CMSD's no-contact order and informing him that they would investigate the matter.

28. Following CMSD's investigation, it found that Parker had been contacting Rivers in violation of the April, 2017 no-contact order.

29. Unbeknownst to Ms. Rivers and despite its findings, CMSD permitted Parker to retire voluntarily in lieu of termination.

30. Parker is believed to have "retired" in or around September, 2017.

31. Frustrated with Ms. Rivers continued complaints and because she was proven right, CMSD chose not to contact Ms. Rivers concerning the disposition of Parker.

32. CMSD retaliated against Ms. Rivers for the exercise of a federally protected right in complaining about sexual harassment.

33. Had CMSD informed Ms. Rivers that the man she feared would no longer be in the workplace, Ms. Rivers would have been able to return to her position at CMSD.

34. On December 11, 2017, suffering because, as far as she knew, CMSD failed to take prompt, meaningful action in stopping Parker from having contact and enduring the deterioration of her health, Ms. Rivers resigned.

35. In Ms. Rivers' resignation letter, she stated the only reason she was resigning was because of Parker.

36. CMSD chose to accept Ms. Rivers' resignation without ever informing her of the result of its investigation and that Parker was forced to retire or have his employment terminated.

37. CMSD chose not to inform Ms. Rivers about Parker's retirement in retaliation to her charges.

38. CMSD failed to take prompt, meaningful action which forced Ms. Rivers' resignation.

39. If CMSD would have informed her that it removed the impediment to her continued employment, it would have had the benefit of a successful employee.

40. CMSD knew that Ms. Rivers could not have known that it removed Parker from the workplace.

41. CMSD treated Ms. Rivers' resignation with deliberate indifference because of her exercise of a federally protected statutory right in trying to secure protection against sexual harassment and retaliation by Parker.

42. In or around March 2018, Ms. Rivers filed a second EEOC charge, Charge No. 532-2018-02680, alleging retaliation by CMSD.

43. On October 25, 2018, EEOC issued Rivers a Notice of Right to Sue.

44. To date, Ms. Rivers continues to suffer from CMSD's retaliation and failure to provide her a safe working environment free from discrimination and retaliation on account of her sex.

45. Ms. Rivers is still required to see a medical professional and will continue to secure help and treatment from into the future relating to CMSD's conduct.

46. As a result of the conduct of CMSD, Ms. Rivers has been unable to secure employment similar to that of CMSD and has lost considerable past, present and future wages and benefits.

47. As a result of the acts and conduct of Defendant, Ms. Rivers suffered the loss of her longstanding employment, opportunity for promotion, salary, benefits, retirement and related matters.

48. As a result of the acts and conduct of Defendant, Ms. Rivers has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

49. The acts and conduct of the Defendant were intentional, reckless and in wanton and reckless disregard of the rights and feelings of plaintiff Natasha Rivers.

## **Count I – Retaliation**

50. Plaintiff Natasha Rivers reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

51. Plaintiff Natasha Rivers engaged in protected activity by formally reporting sexual harassment to her employer on October 27, 2016.

52. On March 3, 2017, Ms. Rivers filed an EEOC charge on account of sex, a federally protected right.

53. Defendant CMSD was aware that Ms. Rivers had in engaged in protected activity.

54. In retaliation for Ms. Rivers' complaints and being proven right about Parker's actions and conduct, CMSD intentionally failed to inform Ms. Rivers that CMSD found that Parker had violated its no-contact order and had forced Parker to retire or have his employment terminated.

55. There is a causal connection between Ms. Rivers' reporting of Parker and her resignation without being informed of CMSD's decision to force Parker out.

56. As a result of the acts and conduct of the Defendant, Ms. Rivers suffered in the loss of her longstanding employment, opportunity for promotion, her salary, benefits, retirement and related matters.

57. As a result of the acts and conduct of the Defendant, Ms. Rivers has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

58. The acts and conduct of the Defendant were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff Natasha Rivers.

**COUNT II- Violations of the Ohio Civil Rights Act**

59. Plaintiff Natasha Rivers reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

60. On October 26, 2016, Plaintiff Natasha Rivers engaged in protected activity by formally reporting sexual harassment to her employer.

61. On March 3, 2017, Plaintiff Natasha Rivers filed an EEOC charge related to the sexual harassment.

62. Defendant CMSD was aware that Rivers had in engaged in protected activity.

63. In retaliation for Rivers' complaints and being proven right about Parker's conduct, CMSD intentionally failed to inform Rivers that CMSD found that Parker had violated its no-contact order and had forced Parker to retire or have his employment terminated.

64. There is a causal connection between Ms. Rivers' reporting Parker and her resignation without being informed of CMSD's decision to force Parker out.

65. As a result of the acts and conduct of the Defendant, Plaintiff suffered in the loss of her longstanding employment, opportunity for promotion, her salary, benefits, retirement and related matters.

66. As a result of the acts and conduct of the Defendant, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

67. The acts and conduct of the Defendant were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff Natasha Rivers.

WHEREFORE, Plaintiff Natasha Rivers respectfully requests the Court to grant the following relief:

A. Declare that the acts and conduct of the Defendant constitutes violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as amended (2018 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*,

B. Grant to the Plaintiff and against Defendant, Cleveland Metropolitan School District, a permanent injunction enjoining Defendant, its officers, agents, employees, successors, assigns, and all persons in active concert of participation with it, from engaging in any employment practices which discriminate or retaliate on the basis of sex through the use of its governmental authority;

C. Order Defendant, Cleveland Metropolitan School District, to institute and to otherwise carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make whole Plaintiff by providing appropriate back pay with prejudgment interest and for other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Grant to Plaintiff against Defendant appropriate compensatory damages;

F. Award Plaintiff costs in this action including statutory reasonable attorneys' fees as provided by statute;

G. Grant such further relief as the Court deems just or equitable and in advance of the public interest.

| | |
|---|---|
| /s/ Jared S. Klebanow | /s/ Avery Friedman |
| JARED S. KLEBANOW (0092018) | AVERY FRIEDMAN (0006103) |
| KLEBANOW LAW, LLC | AVERY FRIEDMAN & ASSOCIATES |
| 850 Euclid Ave. Suite 701 | 850 Euclid Ave. Suite 701 |
| Cleveland, Ohio 44114 | Cleveland, Ohio 44114-3358 |
| T: (216) 621-8230 | T: (216) 621-9282 |
| jklebanow@klebanowlaw.com | avery@lawfriedman.com |

*Attorneys for Plaintiff Natasha Rivers*

## TRIAL BY JURY DEMANDED

Plaintiff Natasha Rivers hereby demands trial by jury.

> */s/ Avery Friedman*
> Avery Friedman

EEOC Form 161 (11/16)        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Natasha M. Rivers<br>3695 East 105th St.<br>Cleveland, OH 44105 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2018-02680 | Elmeaco J. Mallory,<br>Investigator | (216) 522-7657 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Cheryl J. Mabry,
Director

OCT 2 5 2018
*(Date Mailed)*

Enclosures(s)

cc:    Wayne Belock<br>Attorney<br>CLEVELAND METROPOLITAN SCHOOL DISTRICT<br>1111 Superior Ave E, Suite 1800<br>Cleveland, OH 44114